<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JIMMIE VANCE GRUBBS, | Civil Action No. 13-4708 (JBS) |
| Petitioner, | |
| v. | **<u>OPINION</u>** |
| JORDAN R. HOLLINGSWORTH, | |
| Respondent. | |

**JEROME B. SIMANDLE**, Chief Judge:

   Petitioner Jimmie Vance Grubbs, a prisoner confined at the F.C.I. Fort Dix, Fort Dix, New Jersey, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence rendered by the United States District Court for the Western District of North Carolina. [Docket Item No. 1.]  However, prior to this filing, Petitioner had already commenced a substantively identical action in this District, seeking mandamus relief or, in the alternative, § 2241 habeas relief.  See <u>Grubbs v. Hollingsworth</u>, Civ. Action No. 12-2085 (JBS) (D.N.J.).  This Court dismissed Petitioner's prior action for lack of § 2241 jurisdiction or mandamus power.  [<u>Id.</u>, Docket Items Nos. 2 and 3.]  Therefore, the instant matter is subject to dismissal under the doctrine of <u>res</u> <u>judicata</u>, see <u>McCleskey v. Zant</u>, 499 U.S. 467, 486 (1991) (pointing out that § 2244(b) "establishes a 'qualified application of the doctrine of

res judicata'[to habeas actions]") (citation to legislative records omitted), or, in the alternative, for lack of § 2241 jurisdiction, as detailed in this Court's ruling with regard to Petitioner's prior action.

　　　Correspondingly, the within petition will be dismissed.  An appropriate Order follows.


　　　　　　　　　　　　　　　　　　 **s/ Jerome B. Simandle**
　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated:   **August 14, 2013**